IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MICHAEL HOELCEL                                                                        PLAINTIFF

v.                                              5:04CV00275HLJ

ARKANSAS DEPARTMENT
OF CORRECTION, et al.                                                               DEFENDANTS

MEMORANDUM AND ORDER

I.  Introduction

This matter is before the Court on the motion for judgment on the pleadings filed by defendants Arkansas Department of Correction (ADC), Huckabee, Norris, Mobley, Byus, and Toney (hereinafter referred to as "ADC defendants").  Plaintiff filed a response to the motion (DE #50), together with a request to file a second amended complaint.  The ADC defendants, together with the remaining ("medical") defendants, have filed an objection to that amendment (DE #53).

Plaintiff filed this action while incarcerated at the Jefferson County Jail Facility of the ADC. He has since been released from incarceration.  By Order dated March 22, 2005, this Court appointed counsel to represent plaintiff, and on September 1, 2005, appointed counsel filed an amended complaint on behalf of plaintiff.  In addition to the ADC defendants named above, plaintiff also names as defendants Correctional Medical Services, Inc. (CMS), Dr. Roland Anderson, John Does, Insurance Company for CMS, and other parties not yet identified. Specifically, plaintiff alleges that while incarcerated he was denied adequate medical treatment by the defendants for cataracts and as a result has become blind.  Plaintiff alleges constitutional violations pursuant to 42 U.S.C. § 1983, state civil rights violations, state medical malpractice

1

violations, and violations of the Americans with Disability Act (ADA).

## II.  Judgment on the Pleadings

A.  Defendants' Motion

In support of their motion, defendants state that plaintiff's complaint against them should be dismissed for the following reasons: 1) Eleventh Amendment (sovereign) immunity, since plaintiff sued the Governor, the ADC (a state agency), and other ADC employees in their official capacities only; 2) plaintiff fails to establish deliberate indifference to his medical needs by ADC defendants, since they are not directly involved in his medical treatment; 3) plaintiff can not sue defendants based on their supervisory capacities; 4) plaintiff alleges negligence by the defendants, which can not support a § 1983 claim; 5) the Arkansas constitution grants sovereign immunity to its employees with respect to state law claims of negligence against them; and 6) plaintiff failed to provide an expert affidavit to support his state medical malpractice claim, as provided by the statute.

B.  Plaintiff's Response

In response, plaintiff states as follows: 1) Plaintiff admits that the Governor is not aware of his particular situation, and asks to be able to file an amended complaint which would dismiss him from this action and include allegations of liability against the remaining defendants in their official and individual capacities; 2) plaintiff has alleged in his complaint that defendants violated his Constitutional rights by failing to properly treat him despite the grievances he submitted, and that all defendants were on notice of his problems; 3) plaintiff is prepared to make a showing that all defendants, including the supervisors, implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of others; 4) although plaintiff alleges at times that the defendants

acted negligently, "a persistent pattern of failure to provide adequate medical care in individual cases may give rise to an inference of deliberate indifference even where any of those single incidence (sic), reviewed in isolation, might only amount to negligence." (DE #50, p. 11). Plaintiff does not specifically address defendants' arguments with respect to the state law claims against them.

C.  Defendants' Reply

All defendants filed a reply, objecting to the plaintiff's request to amend.  Defendants state that plaintiff and his counsel have had adequate opportunity to conduct discovery and that he has not complied with defendants' discovery and has failed to appear at a scheduled deposition. Defendants note that the proposed amended complaint virtually mirrors the amended complaint filed in September, 2004, and ask the Court to deny the request to amend.

D.  Standard of Review

The applicable standard of review on a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12©) is the same as that on a motion to dismiss under Fed.R.Civ.P. 12(b)(6) (see Shaw v. Rolex Watch U.S.A., Inc., 745 F.Supp. 982, 984 [S.D.N.Y.1990], citing 5A C. Wright & A. Miller, Federal Practice and Procedure § 1367, at p. 518-19 [2d ed. 1990] ). That is, "the court should not dismiss the complaint pursuant to Rule 12(b)(6) unless it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief' " Goldman v. Belden, 754 F.2d 1059, 1065 [2d Cir.1985], quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).   In addition, such a motion is addressed solely to the face of a pleading, and "[t]he court's function ... is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient" Id. at 1067.  In

assessing the sufficiency of a pleading on a motion to dismiss, it is well settled that the court must, of course, accept the allegations of the complaint as true and draw all reasonable inferences favorably to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

E.  Analysis

1) Request to Amend - Initially, the Court notes, as was indicated by the defendants in their reply, that the proposed second amended complaint differs only slightly from the original complaint.  The Court finds that the proposed complaint differs in four major respects: a) Governor Huckabee is not listed as a defendant in the caption of the complaint (although he is still named in the body of the complaint); b) defendants are sued in their individual and official capacities; c) plaintiff has identified as a defendant Dr. Simmons; and d) plaintiff includes, in paragraph 43, an allegation that "defendants have pursued a course of conduct with deliberate indifference to the consequences of that conduct."

To the extent that plaintiff has amended his complaint in these four respects, the Court will grant his motion to amend.  However, since the remainder of the second amended complaint is identical to the previous one, the Court will address defendants' arguments in their motion for judgment on the pleadings as if they were raised with respect to plaintiff's second amended complaint.

2) Sovereign Immunity - Plaintiff has indicated that he wishes to dismiss defendant Huckabee, and this Court has permitted plaintiff to amend his complaint to include allegations by the individual defendants in both their official and individual capacities.  Therefore, defendants' arguments for dismissal on these grounds are now moot.  However, in addition, the

Court finds that all plaintiff's claims against the ADC, with the exception of the ADA claim, should be dismissed. The ADC is an agency of the State of Arkansas, and therefore, is protected from § 1983 liability by Eleventh Amendment immunity. See Glick v. Henderson, 855 F.2d 536 (8th Cir. 1988).

     3) Deliberate Indifference/Respondeat Superior - The Court finds that plaintiff's allegations against defendants with respect to his § 1983 claim are sufficient to support a constitutional violation by defendants. Plaintiff alleges a pattern of conduct, together with omissions of conduct, sufficient to support an allegation of deliberate indifference. In addition, in his second amended complaint, plaintiff alleges that defendants' conduct was deliberately indifferent to his needs. Plaintiff also claims that the supervisors named as defendants were aware of his problems, by virtue of the grievances he filed, and that their failure to act was knowing. Therefore, within the standard of the motion filed by defendants, the Court finds that plaintiff's § 1983 claims should remain.

     4) State civil rights claim - The Court agrees with defendants that plaintiff's state law negligence claim against them must be dismissed. In Beaulieu v. Gray, 288 Ark. 395 (1986), the Court held that pursuant to Ark. Stat. Ann. § 13-1420 (the statutory predecessor of the current Ark. Code Ann. § 19-10-305(a)), state employees are immune from civil liability for non-malicious acts occurring within the course of their employment. In this particular case, plaintiff does not allege that defendants acted maliciously, and therefore, the Court finds that this complaint should be dismissed.

     5) State malpractice claim - In addition, the Court finds that the medical malpractice claim against defendants should be dismissed. Arkansas law provides that in an action for

medical injury, when the asserted negligence lies outside a jury's comprehension as a matter of common knowledge, plaintiff must prove his case by means of expert testimony. Ark. Code Ann. § 16-114-206. In addition, § 16-114-209(b) provides that in such cases where expert testimony is required, an affidavit signed by a medical expert must be filed within thirty days of the filing of the complaint. In this particular case, plaintiff filed his amended complaint in September, 2005, and an affidavit has not yet been filed. To the extent that plaintiff asks to amend his complaint to re-assert this same allegation (and thereby start the 30-day time period to run anew), such will be denied. Plaintiff has not addressed defendants' argument for dismissal of this claim and has not submitted the affidavit as required by the statute. The allegations of negligent medical treatment of cataracts appear to the Court, as a matter of law, to lie outside the jury's comprehension as a matter of common knowledge. See also Lee v. Arkansas Department of Correction, 5:04cv00326SWW, June 1, 2005 Order. Therefore, the Court finds that this claim against defendants should also be dismissed. Accordingly,

IT IS, THEREFORE, ORDERED that plaintiff's request to file a second amended complaint (DE #50-2) is GRANTED in part, with respect to dismissal of defendant Huckabee, allegations of deliberate indifference against defendants, the addition of defendant Simmons, and allegations against defendants in their individual and official capacities, and denied in all other respects.

IT IS FURTHER ORDERED that defendants' motion for judgment on the pleadings is GRANTED in part, with respect to dismissal of defendant Huckabee, dismissal of all claims against defendant ADC except the ADA claim, and dismissal of the state civil rights and medical malpractice claims against defendants Norris, Mobley, Byus and Toney.

IT IS FURTHER ORDERED that service of plaintiff's complaint with respect to defendant Dr. Simmons is appropriate. The Clerk of the Court shall prepare summons for the defendant and the United States Marshal is directed to serve a copy of the complaints (DE ##21, 50-1) and summons on the defendant Dr. Simmons in care of Humphries and Lewis Law Firm, P.O. Box 20670, White Hall, AR 71612, without prepayment of fees and costs or security therefore.

IT IS FURTHER ORDERED that plaintiff's motions for an extension of time in which to respond to defendants' motion for judgment on the pleadings (DE ##45, 49) are hereby MOOT.

IT IS SO ORDERED this 12th day of May, 2006.

*Henry L. Jones, Jr.*
United States Magistrate Judge